**\*E-FILED: 10/9/2007\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTOINETTE IREAU MAREZ,<br><br>    Plaintiff,<br>  v.<br><br>SANTA CLARA COUNTY SHERIFF DEPUTY CHILTON,<br><br>    Defendant. | No. C06-05028 RMW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS**<br><br>**[Re: Docket No. 20]** |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Antoinette Marez, who is proceeding pro se and in forma pauperis, alleges that, while she was incarcerated,[1] defendant physically assaulted her as she was being transferred from one holding cell to another.

Defendant Sheriff Deputy Chilton now moves to compel plaintiff to appear for her deposition. He also seeks monetary sanctions for her failure to appear at her deposition which was set for August 24, 2007. Although it appears that defendant's motion papers were duly served by mail on plaintiff, she filed no opposition papers and did not appear at the motion hearing. Upon consideration of the papers submitted, as well as the arguments presented at the October 9, 2007 motion hearing, this court grants the motion in part and denies the motion in part.

---

[1] Plaintiff is no longer in custody.

1    Under Rule 37(d) of the Federal Rules of Civil Procedure, if a party fails to appear at her
2 deposition, the court may impose any of the sanctions authorized under Fed.R.Civ.P.
3 37(b)(2)(A), (B) and (C).  In lieu of, or in addition to, those sanctions, the court shall require the
4 party failing to appear to pay the reasonable expenses (including attorney's fees) caused by the
5 failure, unless it concludes that the failure was substantially justified or that other circumstances
6 make an award of expenses unjust.  FED.R.CIV.P. 37(d).  Sanctions for failure to appear at a
7 deposition may be imposed even absent a prior court order.  *See Henry v. Gill Indus., Inc.*, 983
8 F.2d 943, 947 (9th Cir. 1993) (repeated cancellations at the last minute constitute a failure to
9 appear).  Moreover, there is no need to find that the failure to attend was "willful."  *See Lew v.*
10 *Kona Hospital*, 754 F.2d 1420, 1427 (9th Cir. 1985) ("Even a negligent failure to allow
11 reasonable discovery may be punished.").

12    In this case, the record before the court shows that defendant noticed plaintiff's
13 deposition for July 30, 2004.  However, less than half an hour before her deposition was to
14 begin, Marez left a voicemail for defense counsel advising that she would not attend.  The
15 parties subsequently agreed that plaintiff's deposition would proceed on August 24, 2007 at
16 1:00 p.m. – a date and time chosen by plaintiff.  On August 23, 2007, plaintiff confirmed that
17 she would appear for her deposition the next day as agreed.  Nevertheless, for reasons unknown,
18 she failed to appear; and, when defense counsel phoned her at home and on her cell phone, there
19 was no answer.

20    Nothing in the record suggests that plaintiff's failure to appear was justified.  Moreover,
21 although defendant's motion for sanctions was not separately filed in accordance with Civil
22 Local Rules 7-8 and 37-3, the court finds that defendant's request for reimbursement of $230.00
23 in court reporter fees incurred on August 24, 2007 is a reasonable one.  The court nevertheless
24 concludes that the imposition of monetary sanctions would be unjust.  There is no rule
25 prohibiting the imposition of monetary sanctions against an impecunious party.  S*ee Bosworth*
26 *v. Record Data of Maryland, Inc.*, 102 F.R.D. 518, 521 (D. Md. 1984) ("A flat per se policy
27 against the imposition of sanctions under Federal Civil [Procedure] Rule 37 upon any party who
28 is financially indigent does not accord with the purposes of that rule and would open the door to

1  many possible abuses."). Here, however, plaintiff's August 21, 2006 Application to Proceed In
2  Forma Pauperis suggests that she is not able to pay sanctions in any amount.
3      Accordingly, IT IS ORDERED THAT defendant's motion is GRANTED IN PART
4  AND DENIED IN PART. Defendant's motion to compel plaintiff to appear for her deposition
5  is granted. Plaintiff shall appear for a deposition within the next ten calendar days on a date and
6  time agreed to by the parties – or failing agreement, on a date and time picked by defendant.
7  Defendant's motion for monetary sanctions is denied.

Dated: October 9, 2007

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

**Notice will be electronically mailed to:**

Mark F. Bernal mark.bernal@cco.sccgov.org

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**Notice mailed to**:

Antoinette I. Marez
841 Prevost Street
San Jose, CA 95125

    Pro Se Plaintiff

4